```
         UNITED STATES DISTRICT COURT
            DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| OTIS HICKS,<br><br>        Plaintiff,<br><br>  v.<br><br>WEGMANS FOOD MARKET,<br><br>        Defendant. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 09-624<br>      (JEI/AMD)<br><br>**OPINION** |

**APPEARANCES:**

BEGELMAN, ORLOW & MELLETZ
By:  Jordan R. Irwin, Esq.
411 Route 70 East, Suite 245
Cherry Hill, New Jersey 08034
          Counsel for Plaintiff

PEPPER HAMILTON LLP
By:  Matthew V. DelDuca Esq.
301 Carnegie Center, Suite 400
Princeton, New Jersey 08543
          Counsel for Defendant

**IRENAS**, Senior District Judge:

    Plaintiff Otis Hicks, an African-American male, initiated this action against his former employer, Wegmans Food Markets, Inc. ("Defendant").  Plaintiff alleges that he was discriminated against on the basis of race when Defendant terminated him after he threatened a store manager.[1]  Pending before the Court is

---

[1] Plaintiff alleges discrimination in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 et seq.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiff's Motion for Adverse Inference Charge to be Given to Jury at the Time of Trial.[2]

**I.**

Plaintiff was employed as a manager trainee at Defendant's Mount Laurel store from April 2006 until December 2006. (Jt. Final Pre-trial Order at 2.) On December 23, 2006, Plaintiff was suspended and then terminated for allegedly violating Defendant's Workplace Threats and Violence Policy, after an alleged confrontation with a white store manager. (Id.) Todd Allen ("Allen"), manager of the Mount Laurel store, participated in the ultimate decision to terminate Plaintiff. (Allen Dep. at 97:20-24.)

Plaintiff contends that he was the victim of racial

---

[2] Defendant also moves to seal portions of its Brief in Opposition and portions of Exhibit A "because these materials contain certain potentially embarrassing personal information relating to a non-party's medical history." (Br. in Support of Mot. to Seal at 1.)
  Local Civil Rule 5.3 governs requests to seal documents filed with the Court. Under Rule 5.3(c)(2), a party seeking to seal documents must describe the nature of the materials, the legitimate interests justifying the relief sought, the resultant injury if the relief is not granted and why a less restrictive alternative is unavailable. L. Civ. R. 5.3(c)(2). Any order or opinion on a motion to seal must make findings as to these factors. *Id.* at ¶(c)(5).
  Here, Defendant's Brief in Opposition and portions of Exhibit A reference a non-party's medical history. While this information is relevant to Defendant's Opposition to Plaintiff's Motion for an Adverse Inference, there is also a legitimate interest in maintaining the confidentiality of this personal information in order to protect the non-party's privacy. Accordingly, the Court will grant Defendant's Motion to Seal.

discrimination because Defendant treated white employees more favorably in comparable circumstances and terminated Plaintiff on the basis of his race.[3]  (Jt. Final Pre-trial Order at 2.) Defendant contends that Plaintiff was terminated because he threatened a co-worker and was found to have violated Defendant's Workplace Threats and Violence Policy.  (Id.)

Underlying the instant Motion for Adverse Inference Charge is the personnel file of Ira Guberman ("the File"), which was destroyed at some point between September 15, 2009 and October 1, 2009.  (*See* Abbott Cert. ¶ 9.)  Guberman, who was white, was hired as an employee in Defendant's Manalapan store on May 17, 2002 and was terminated on August 29, 2003.  (Id. ¶¶ 6-7.)  The destruction of the File was allegedly done in accordance with Defendant's practice of destroying an employee's personnel records after the six year anniversary of his termination from employment.  (Id. ¶¶ 3-4.)

On April 2, 2010, during Allen's deposition, Allen identified Guberman as an employee who violated Defendant's Workplace Threats and Violence Policy.  (Allen Dep. at 117:19-24.)  According to Allen's testimony, Guberman was ultimately terminated in connection with this matter, but was first provided

---

[3]  On March 30, 2007, Plaintiff filed a charge of discrimination with the New Jersey Division of Civil Rights.  On December 16, 2008, Plaintiff filed a Complaint in the Superior Court of New Jersey, Camden County.

with medical treatment.  (Id. at 126:11-13, 16-23.)

On June 15, 2010, Plaintiff requested the File.  On June 30, 2010, Defendant's counsel notified Plaintiff's counsel of the possibility that Defendant had purged the File due to its age. (Irwin Cert. ¶ 18.)  On July 16, 2010, Plaintiff again requested the File, but Defendant has not produced it and it is presumed to have been destroyed.  (Irwin Cert. ¶¶ 19-20.)

## II.

Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999).  When documents cannot be found or are destroyed and the contents of the documents are relevant to the case, "the trier of fact generally may receive the fact of the document's nonproduction or destruction as evidence that the party that has prevented production did so out of the well-founded fear that the contents would harm him."  *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir. 1995).  Yet, "[n]o unfavorable inference arises when the circumstances indicate that the document or article in question has been lost or accidentally destroyed, or where failure to produce it is otherwise properly accounted for."  *Id.*  In other words, there must be a finding

4

that the spoliation was intentional and that there was fraud and a desire to suppress the truth before the Court will make a finding of spoliation. *Id.*

To justify an adverse inference sanction, four factors must be found: "(1) the evidence in question must be within the party's control; (2) it must appear that there has been actual suppression or withholding of the evidence; (3) the evidence destroyed or withheld was relevant to claims or defenses; and (4) it was reasonably foreseeable that the evidence would later be discoverable." *Paluch v. Dawson*, 2009 WL 3287395, at *2 (M.D.Pa. 2009); *Brewer,* 72 F.3d at 334.  While a party has no duty to keep or retain every document in its possession, "even in advance of litigation, [a party] is under a duty to preserve what it knows or reasonably should know, will likely be requested in reasonably foreseeable litigation." *Ogin v. Ahmed,* 563 F.Supp.2d 539, 543 (M.D.Pa. 2008).

The Third Circuit has recognized that courts considering a imposition of sanctions for spoliation of evidence should also consider: (1) the degree of fault of the party who destroyed the evidence; (2) the degree of prejudice suffered by the other party; and (3) whether a lesser sanction will prevent substantial unfairness to the other party.  *In re Hechinger Investment Co.*, 489 F.3d 568, 579 (3d Cir. 2007).

**III.**

According to Plaintiff, an adverse inference charge is warranted because: (1) Defendant was on notice of Plaintiff's potential litigation for racial discrimination before the File was destroyed; (2) Defendant knew or should have known that the File contained relevant evidence;[4] and (3) the File would prove that Plaintiff was treated differently than a white employee for a violation of the identical policy.

The Court disagrees, as it does not find any evidence of bad faith to warrant imposition of an adverse inference.  Defendant destroyed the File pursuant to its ordinary document retention practices prior to the date that it first knew that the File might be connected to Plaintiff's case.  Plaintiff offers no evidence that the destruction was in bad faith.  (*See* Pl's Br. in Support at 7)("At an absolute minimum, Defendant was negligent in its destruction or failure to produce the evidence required by Plaintiff.  At worst, Defendant intentionally destroyed or failed to produce the evidence in bad faith.").  In *Brewer*, the Third Circuit made it clear that "[n]o unfavorable inference arises

---

[4] Plaintiff applies a spoliation sanction standard adopted by the Sixth Circuit, which allows a "culpable state of mind" prong to be satisfied by a negligent destruction.  (Pl's Br. in Support at 6)(quoting *Beaven v. United States Dep't of Justice*, 622 F.3d 540, 553-54 (6th Cir. 2010)).  However, the standard applied in this circuit requires intentional destruction with a desire to suppress the truth.  *See Brewer*, 72 F.3d at 334; *Hechinger*, 489 F.3d at 579.

when the circumstances indicate that the document or article in question has been lost or accidentally destroyed, or where the failure to produce it is otherwise accounted for." 72 F.3d at 334.  Therefore, in the absence of any evidence of bad faith, the Court declines to issue a spoliation inference.

**IV.**

For the above-stated reasons, Plaintiff's Motion for an adverse inference charge will be denied.  An appropriate order will be issued.

Dated: February 10, 2011

                                    s/Joseph E. Irenas
                              **JOSEPH E. IRENAS, S.U.S.D.J.**